**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL MANOLOFF | : | |
| 3835 Brinkman Street | : | |
| Houston, Texas 77018 | : | |
| | : | |
|    and | : | |
| | : | |
| MIKE C. MANOLOFF, PC | : | |
| 6600 Sands Point Drive | : | |
| Houston, Texas 77074 | : | |
| | : | |
|       Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| Bank of America, N.A. | : | |
| 100 North Tryon Street | : | |
| Charlotte, North Carolina 28255 | : | CIVIL ACTION NO. _____ |
| | : | JURY TRIAL DEMANDED |
|    and | : | |
| | : | |
| Cross River Bank | : | |
| 400 Kelby Street | : | |
| Fort Lee, New Jersey 07024 | : | |
| | : | |
|    and | : | |
| | : | |
| Celtic Bank | : | |
| 268 South State Street, Suite 300 | : | |
| Salt Lake City, Utah 84111 | : | |
| | : | |
|    and | : | |
| | : | |
| JP Morgan Chase Bank, N.A. | : | |
| 1111 Polaris Parkway | : | |
| Columbus, Ohio 43240 | : | |
| | : | |
|    and | : | |
| | : | |
| Wells Fargo Bank, N.A. | : | |
| 101 North Phillips Avenue | : | |
| Sioux Falls, South Dakota 57104 | : | |

and                                         :
                                            :
Guaranty Bank & Trust                       :
100 West Arkansas Street                    :
Mount Pleasant, Texas 75455                 :
                                            :
    and                                     :
                                            :
Amegy Bank                                  :
1717 West Loop South                        :
Houston, Texas 77027                        :
                                            :
    and                                     :
                                            :
Spirit of Texas Bank                        :
625 University Drive                        :
College Station, Texas 77840                :
                                            :
    and                                     :
                                            :
The Bancorp Bank                            :
409 Silverside Road #105                    :
Wilmington, Delaware 19809                  :
                                            :
    and                                     :
                                            :
WebBank                                     :
215 State Street, Suite 1000                :
Salt Lake City, Utah 84111                  :
                                            :
    and                                     :
                                            :
Zions Bancorporation, N.A.                  :
One South Main Street                       :
Salt Lake City, Utah 84133                  :
                                            :
    and                                     :
                                            :
Allegiance Bank                             :
8727 Wes Sam Houston Parkway N.             :
Houston, Texas 77040                        :
                                            :
    and                                     :
                                            :
                                            :
                                            :

Capital One, N.A.                          :
1680 Capital One Drive                     :
McLean, Virginia 22102                     :
                                           :
    and                :
                                           :
Ready Capital Corporation                  :
1140 Avenue of the Americas, 8th Floor     :
New York, New York 10036                   :
                                           :
    and                :
                                           :
ReadyCap Lending, LLC                      :
200 Connell Drive, Suite 400               :
Berkeley Heights, New Jersey 07922         :
                                           :
    and                :
                                           :
Comerica Bank & Trust, N.A.                :
101 North Main Street, Suite 100           :
Ann Arbor, Michigan 75201                  :
                                           :
    Defendants.         :
                                           :

## CLASS ACTION COMPLAINT AND JURY DEMAND

Now come Plaintiffs, Michael Manoloff and Mike C. Manoloff, P.C. (collectively "Manoloff" or "Plaintiff Manoloff"), in their individual and representative capacity, and for their Complaint against Defendants (collectively "Defendants") hereby state the following:

## INTRODUCTION &
## BACKGROUND TO THE PAYROLL PROTECTION PROGRAM

1. On March 25, 2020, in response to the outbreak of the coronavirus ("COVID-19"), the federal government enacted emergency legislation to enable small businesses to continue employing and paying their employees by creating the Payroll Protection Program ("PPP"), which provides federally guaranteed loans to make payroll expenses for two months. The PPP is contained within sections 1102 and 1106 of the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act").  To fund the PPP, Congress approved an initial $349 billion for the program.

2.      On April 24, 2020, the federal government added an additional $310 billion to the PPP through the Paycheck Protection Program and Health Care Enhancement Act.

3.      The PPP is a temporary program under the Small Business Administration's ("SBA") 7(a) Loan Program.  The PPP permits the SBA to guarantee 100 percent of 7(a) loans and provides forgiveness of up to the full principal amount of any qualifying loan.  Small business owners apply for a PPP loan through existing SBA-approved lenders ("Lenders") or through any federally insured deposit institution.  The PPP also delegates authority to Lenders to provide relief expeditiously.

4.      The CARES Act provides that the Administrator of the SBA "shall reimburse a lender" for processing the loans.  15 U.S.C. § 636(a)(36)(P)(i).  This reimbursement shall be made not later than five days after the disbursement of the PPP loan.  *Id.* at § 636(a)(36)(P)(iii).

5.      Lenders are to be reimbursed the following amounts per loan:  Five percent (5%) for loans of not more than $350,000; three percent (3%) for loans of more than $350,000 and less than $2 million; and one percent (1%) for loans of at least $2 million.  *Id.* at § 636(a)(36)(P)(i).

6.      The CARES Act also authorizes the payment of a fee to "agents" who assist eligible recipients in preparing their PPP loan application in an amount that is not in excess of the limits established by the Administrator.  *Id.* at § 636(a)(36)(P)(ii).

7.      On April 15, 2020, the Administrator issued the Interim Final Rule (the "Rule") regarding the PPP loans.  Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15, 2020) (to be codified at 13 C.F.R. pt. 120).  The Rule provides that agent fees "*will be paid by the Lender* out of the fees the Lender receives from

SBA." *Id.* at 20,816 (emphasis added).  The Rule also specifically provides that agents "may not collect fees from the borrower or be paid out of the PPP loan proceeds." *Id.*  Thus, per the combined effect of the CARES Act and the Rule, agents who assist applicants in preparing their PPP loan can only be paid, and must be paid, a fee by the Lender out of the fees that the Lender itself receives for processing the PPP loans.

8.    Under the Rule, the total amount that an agent shall receive from the Lender "for assistance in preparing an application for a PPP loan" is as follows:  Up to one percent (1%) for loans of not more than $350,000; a half of a percent (.5%) for loans of more than $350,000 and less than $2 million; and a quarter of a percent (.25%) for loans of at least $2 million.  *Id.*

9.    Despite these clear instructions that Lenders are to pay the agent fees—and despite requests by the agents to the Lenders to be paid their fees—Defendant Lenders have unlawfully withheld those fees from the agents and have instead kept the funds intended for the agents for themselves.

10.    Defendant Lenders have no legal authority under the CARES Act to deny the agents' fees due and owing to them by the CARES Act and the Rule.

11.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated, against Defendant Lenders for violations of the CARES Act, the SBA's 7(A) loan program, 15 U.S.C. § 636(a), and 13 C.F.R. part 120, and for unjust enrichment. conversion, and money had and received under Texas law.

## **JURISDICTION**

12.    This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

13.     This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) the claims of the proposed Class exceed $5,000,000; (2) at least one member of the class of Plaintiffs is a citizen of a State different from at least one Defendant; and (3) the proposed Plaintiff Class consists of more than 100 members.

14.     This Court has supplemental jurisdiction under 28 U.S. § 1367(a) over the state-law claims, as all claims relate to the same case and controversy.

15.     This Court has personal jurisdiction over Defendants because Defendants do business in this District and a substantial number of the events giving rise to the claims took place in Texas.

16.     A substantial part of the events or acts giving rise to the claims herein occurred within this District; and therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

17.     Plaintiff Michael Manoloff is a certified public accountant who resides at 3835 Brinkman Street, Houston, Texas.

18.     Plaintiff Mike C. Manoloff, PC, is an active professional corporation incorporated in the State of Texas and authorized to conduct business in Texas.

19.     Defendant Bank of America, N.A. ("Bank of America") is a national bank with its main office in Charlotte, North Carolina.  Bank of America conducts substantial business in the State of Texas.

20.     Defendant Celtic Bank ("Celtic") is a state-chartered bank with its main office in Salt Lake City, Utah.  Celtic conducts substantial business in the State of Texas.

21.     Defendant Cross River Bank ("Cross River") is a state-chartered bank with its main office in Fort Lee, New Jersey.  Cross River conducts substantial business in the State of Texas.

22.     Defendant JP Morgan Chase Bank, N.A. ("Chase") is a national bank with its main office in Columbus, Ohio.  Chase conducts substantial business in the State of Texas.

23.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its main office in Sioux Falls, South Dakota.  Wells Fargo conducts substantial business in the State of Texas.

24.     Defendant Guaranty Bank & Trust ("Guaranty Bank") is a bank with its main office in Mount Pleasant, Texas.

25.     Defendant Amegy Bank ("Amegy") is a bank with its main office in Houston, Texas.

26.     Defendant Spirit of Texas Bank ("Spirit of Texas") is a bank with its main office in College Station, Texas.

27.     Defendant The Bancorp Bank ("Bancorp") is a bank with its main office in Wilmington, Delaware.  Bancorp conducts substantial business in the State of Texas.

28.     Defendant WebBank, Inc. ("WebBank") is a state-chartered bank with its main office in Salt Lake City, Utah.  WebBank conducts substantial business in the State of Texas.

29.     Defendant Zions Bancorporation, N.A. ("Zions") is a national bank with its main office in Salt Lake City, Utah.  Zions conducts substantial business in the State of Texas.

30.     Defendant Allegiance Bank ("Allegiance") is a community bank with its main office in Houston, Texas.

31. Defendant Capital One, N.A. ("Capital One") is a national bank with its main office in McLean, Virginia. Capital One conducts substantial business in the State of Texas.

32. Defendant Ready Capital Corporation ("Ready Capital") is a corporation incorporated in the State of Maryland with its principal place of business in New York, New York. Ready Capital conducts substantial business in the State of Texas.

33. Defendant ReadyCap Lending, LLC ("ReadyCap") is a limited liability company organized in the State of New Jersey. ReadyCap conducts substantial business in the State of Texas.

34. Defendant Comerica Bank & Trust, N.A. ("Comerica") is a national bank with its main office in Ann Arbor, Michigan. Comerica conducts substantial business in the State of Texas.

## FACTS

35. Plaintiff Manoloff owns Mike C. Manoloff, PC, an accounting firm with its principal place of business in Houston, Texas.

36. Between March 2020 and May 2020, Plaintiff Manoloff prepared and submitted PPP loan applications on behalf of small businesses.

37. Of the loans he prepared, the Lenders and SBA approved fifty-one (51) loans, which ranged from $2,500 to $458,460. The small businesses received their loan proceeds between April 2020 and June 2020.

38. Plaintiff Manoloff submitted requests for agent fees to the Defendants.

39. Plaintiff Manoloff has not received the agent fees from any of the Defendant Lenders.

40.    In order to prepare and submit the loan applications, Plaintiff Manoloff spent numerous hours reviewing the CARES Act and PPP loan provisions and preparing and submitting applications.

41.    As part of the application process, Plaintiff Manoloff assisted each of the applicants in gathering and analyzing documents, making the necessary calculations, and preparing and submitting the applications.

42.    During the time that Plaintiff Manoloff was preparing and submitting PPP applications, he did not and could not pursue other non-PPP business for which he could have billed those clients.

43.    Under 13 C.F.R. 103.1(a), an agent "means an authorized representative including an attorney, accountant, consultant, packager, Lender service provider, or any other individual or entity representing an Applicant or Participant by conducting business with SBA."  Conducting Business with the SBA includes preparing and submitting an application for financial assistance of any kind on behalf of an applicant.  *Id.* at 103.1(b).

44.    Under the Code, a "packager" is a person "who prepares the Applicant's application for financial assistance and is employed and compensated by the Applicant."  *Id.* at 103.1(A)(2).

45.    Based on these Code provisions, the U.S. Department of the Treasury provided guidance to Lenders through its "Paycheck Protection Program (PPP) Information Sheet—Lenders," ("Information Sheet"), a copy of which is attached as Exhibit A.[1]  With regard to

---

[1] The Information Sheet is available at
https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.p df.

agents, the Treasury Department's Information Sheet stated the following:  "An agent is an authorized representative and can be:

- An attorney;
- An accountant;
- A consultant;
- Someone who prepares an applicant's application for financial assistance and is employed and compensated by the applicant;
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or litigating SBA loans;
- A loan broker; or
- Any other individual or entity representing an applicant by conducting business with the SBA."

46.    The Treasury Department's Information Sheet also stated that "Agent fees *will be paid* out of Lender fees.  The Lender *will pay* the agent."  *See* Ex. A. (emphasis added).

47.    Pursuant to 13 C.F.R. 103.1 and the Treasury Department's guidance, Plaintiff is an agent for the small businesses applicants when they prepared and submitted the small businesses' PPP loan applications.

48.    Despite the requirements in the Rule and the Treasury Department's guidance that the Lender must pay the agent fees out of the fees that the Lender receives from the SBA, Defendants have failed and/or refused and continue to refuse to pay Plaintiff Manoloff his authorized agent fees.  Furthermore, based on information and belief, Defendants have refused and continue to refuse to pay any agents the authorized agent fees.

49.    Nothing in the CARES Act, 13 C.F.R. part 120, or the Rule allows the Lenders to withhold agent fees from agents, and instead, simply keep the fees to enrich themselves.  To the contrary, Defendants are required under the CARES Act and the Rule to pay agents as specified in the Act and Rule.

50.     The purpose and motivation behind Defendants' practices are readily apparent. By refusing to pay agent fees to the actual agents, Defendants kept tens of millions of dollars for themselves, to which they are not entitled, and thus, deprived Plaintiffs of their property.

51.     Defendants' actions violate the Rule, which provides that agent fees "*will be paid by the Lender*."  Indeed, the SBA has specifically provided that an agent "may not collect fees from the borrower or be paid out of the PPP loan proceeds."  Thus, if Defendant Lenders are permitted to withhold the amount due to agents, including Plaintiff Manoloff, then the agents cannot and will not be compensated for the hours spent assisting small businesses.  Such a result would be inconsistent with the very purpose of the CARES Act, which specifically provided that agents will obtain fees for assisting small businesses in applying for PPP loans.

52.     Nationally, as of July 10, 2020, the SBA had approved 4,907,655 PPP loans for a total disbursement of $517,417,286,175.  Of this amount, $226,474,015,480 was for loans under $350,000;  $186,389,866,874 was for loans between $350,000 and $2 million;  and, $104,553,403,819 was for loans above $2 million.[2]

53.     The potential withheld agent fees for all loans under $350,000 is $2,264,740,154.80.  The potential withheld agent fees for all loans between $350,000 and $2 million is $931,949,334.37.  And the potential withheld agent fees for all loans over $2 million is $261,383,509.55.

54.     Thus, upon information and belief, on a nationwide basis, Lenders, including Defendant Lenders, may have withheld upwards of over **$3.4 billion** from authorized agents,

---

[2] These figures were obtained from the SBA's website.  A copy of the document is attached as Exhibit B, and is available at https://www.sba.gov/sites/default/files/2020-07/PPP_Report%20-%202020-07-1945-508.pdf

many of whom are *themselves* part of small businesses, and who remain uncompensated for the time they spent helping other small businesses apply for PPP loans.

55.     As of July 10, 2020, the SBA has approved 391,472 PPP loans in Texas, for a total disbursement of $40,722,020,170.  *See* Ex. B.

56.     Based on the authorized percentages for agent fees, the potential withheld agent fees for Texas PPP loans is between $101 million and $407 million.

57.     As a result of Defendants' conduct, Plaintiff Manoloff has suffered financial harm, wrongfully lost the opportunity to collect compensation, and generally lost economic opportunities to conduct business.

58.     Defendants and other Lenders should not be permitted to keep millions and perhaps billions of dollars for work that was performed by others who expected payment from the Lenders under the CARES Act as specified by the SBA.

## CLASS ACTION ALLEGATIONS

59.     Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

60.     Plaintiffs, in accordance with Rule 23(b) of the Federal Rules of Civil Procedure, bring this action on behalf of themselves and as members of the Class defined below.

61.     Plaintiffs seek to represent a nationwide Class comprised of all individuals and entities who

    a.  are an agent under 13 C.F.R. 103.1;

    b.  prepared and/or submitted approved loan applications on behalf of small businesses under the PPP between March 25, 2020, and June 30, 2020;

    c.   submitted a request for payment of the authorized agent fees to Defendant Lenders or were simply not paid at all for the fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Interim Final Rule; and

    d.   have been denied their agent fee from Defendants.

62.    To the extent that a nationwide Class is not certified and in the alternative, Plaintiffs seek to represent a statewide Class comprised of all individuals and entities in Texas who

    a.   are an agent under 13 C.F.R. 103.1;

    b.   prepared and/or submitted approved loan applications on behalf of small businesses under the PPP between March 25, 2020, and June 30, 2020;

    c.   submitted a request for payment of the authorized agent fees to Defendant Lenders or were simply not paid at all for the fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Interim Final Rule; and

    d.   have been denied their agent fee from Defendants.

63.    The following are excluded from the Class and/or Subclass:  (a) any Judge or Magistrate presiding over this action and members of their families; (b) the officers, directors, or employees of Defendants; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

64.    The Class and/or Subclass is so numerous that joinder of all members is impracticable.

65.    There are questions of law and fact common to the Class and/or Subclass.  These common questions include, but are not limited to, whether Defendants wrongful withheld agent fees from authorized representatives in violation of federal and state law.

66.     The claims of Plaintiffs, which arise out of Defendants' withholding of agent fees to authorized representatives of PPP loan applicants, are typical of the claims of the Class and/or Subclass members.  Likewise, Defendants' defenses to Plaintiffs' claims would be typical of the defenses to the Class and/or Subclass claims.

67.     Plaintiffs will fairly and adequately represent and protect the interest of the Class and/or Subclass.  Plaintiffs are articulate and knowledgeable about their claims and fully able to describe them.  There are no conflicts of interest between Plaintiffs with respect to the interests of the Class and/or Subclass members.  Plaintiffs, like the Class and/or Subclass members, have suffered financial loss as a result of Defendants' acts.  Plaintiffs have sufficient financial resources to litigate this case and further the interests of the Class and/or Subclass without compromising them.

68.     Counsel for Plaintiffs are well-suited to represent their interests and the interests of the Class and/or Subclass at large.  Counsel includes Fields Alexander (Beck Redden LLP) and James E. Arnold, Damion M. Clifford, Gerhardt A. Gosnell II, and Tiffany L. Carwile (Arnold & Clifford, LLP).  The combined experience and areas of professional concentration of these attorneys are well-suited to representation of the interests of the Class and/or Subclass.  All these lawyers practice complex civil litigation and are experienced in class action litigation.

69.     Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure.  Prosecuting separate actions would create a risk of adjudications with respect to individual Class and/or Subclass members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

70.    Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  Defendants will continue to commit the alleged violations, and the members of the Class and/or Subclass will continue to be unfairly denied compensation to which they are entitled to under the PPP and the CARES Act.  Defendants have acted and refused to act on grounds that apply generally to the Class and/or Subclass so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class and/or Subclass as a whole.

71.    Class certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The questions of law or fact common to the members of the Class and/or Subclass, described above, predominate over any questions affecting only individual members.

72.    This Court is an appropriate forum for the litigation of the Class and/or the Subclass claims.

**Count I**
**Violations of the CARES Act**
**(Against All Defendants)**

73.    Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

74.    The CARES Act provides a stimulus package in response to the COVID-19 pandemic and includes the PPP, which provides assistance to small businesses seeking to maintain payroll and other authorized expenses.

75.    There is an implied cause of action arising under the CARES Act.

76.    The CARES Act, along with the SBA's Rule on the PPP, provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

77.     In flagrant disregard for the law, Defendants have failed and/or refused to pay the agent fees to the Borrowers' authorized representatives, and instead, kept the fees to enrich themselves.

78.     Plaintiffs and the Class and/or the Subclass members are agents under the regulatory provisions for the PPP loan applicants and they are entitled to payment from the Lenders as set forth in the CARES Act and the Rule.

79.     Nevertheless, Defendants refused to pay Plaintiffs and the Class and/or the Subclass members the authorized agent fees.

80.     As a direct and proximate result of Defendants' failure and/or refusal to comply with the CARES Act and the Rule, Plaintiffs and the Class and/or the Subclass members have suffered damages in excess of $5 million.

<u>**Count II**</u>
**Violations of the SBA's 7(a) Loan Program, 15 U.S.C. § 636(a)**
**(Against All Defendants)**

81.     Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

82.     The PPP is part of the SBA's 7(a) loan program, which is designed to assist small businesses to obtain financing.

83.     There is an implied cause of action arising under the SBA's 7(a) loan program as applied through the CARES Act.

84.     The Rule on the PPP provides for the payment of agent fees to authorized representatives who assisted PPP loan applicants with their loan applications.

85.    In flagrant disregard for the law, Defendants have failed and/or refused to pay agent fees to Plaintiffs and the other Class and/or Subclass members, and instead, have kept the fees to enrich themselves.

86.    As a direct and proximate result of Defendants' wrongful actions, Plaintiffs and the Class and/or the Subclass members have suffered damages in excess of $5 million.

**Count III**
**Conversion**
**(Against All Defendants)**

87.    Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

88.    Plaintiffs and the Class and/or Subclass members have an ownership and entitlement to possession of the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

89.    Defendants have unlawfully and without authorization exercised control over Plaintiffs and the Class and/or Subclass members' property, specifically their agent fees.

90.    Defendants' continued exercise of control over Plaintiffs and the Class and/or Subclass members' agent fees is to the exclusion of and inconsistent with their right of ownership to those same agent fees.

91.    Plaintiffs and the Class and/or Subclass members have demanded that Defendants pay the agent fees due and owing to them under the CARES Act, 13 C.F.R. part 120, and/or the Rule.

92.    Despite requests by Plaintiffs and the Class and/or Subclass members, Defendants have failed and/or refused to pay the agent fees and instead, have wrongfully kept the agent fees for their own personal gain.

93.     Defendants' actions were intentional, willful, reckless, and were committed with actual malice.

94.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class and/or the Subclass members have suffered damages in excess of $5 million.

### Count IV
### Money Had and Received
### (Against All Defendants)

95.     Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

96.     Defendant Lenders obtained money from the SBA in relation to the PPP loans.

97.     Pursuant to the CARES Act, 13 C.F.R. part 120, and the Rule, part of that money rightfully belongs to Plaintiffs and the Class and/or the Subclass members.

98.     Justice, equity, and good conscious require Defendant Lenders to remit to Plaintiffs, the Class, and/or the Subclass members the portion of those funds that belong to Plaintiffs, the Class, and/or the Subclass, specifically, their agent fees as defined by the CARES Act and the Rule.

99.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class and/or the Subclass members have suffered damages in excess of $5 million.

### Count V
### Unjust Enrichment
### (Against All Defendants)

100.    Plaintiffs incorporate each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

101.    Plaintiffs, the Class, and/or the Subclass members further state that Defendants have been unjustly enriched at Plaintiffs, the Class, and/or the Subclass members' expense, as

Plaintiffs, the Class, and/or the Subclass members worked to prepare and/or submit PPP loan applications on behalf of small businesses, all in reliance upon the requirement that Defendants would remit to Plaintiffs, the Class, and/or the Subclass members the agent fees authorized by the CARES Act and the Rule.

102.    Defendants were aware that Plaintiffs, the Class, and/or the Subclass members were conferring a benefit upon them by preparing PPP loan application for small businesses that participated in the small business loan program under the CARES Act.

103.    Defendants have taken an undue advantage of Plaintiffs, the Class, and/or the Subclass members' work in preparing and submitting the PPP loan applications.

104.    Defendants received fees from the SBA; a portion of which belongs to Plaintiffs, the Class, and/or the Subclass members under the CARES Act and the Rule.  Defendants' continued retention of the agent fees due and owing to Plaintiffs, the Class, and/or the Subclass members is unjust and unconscionable.

105.    As a direct and proximate result of Defendants' actions, Plaintiffs, the Class, and/or the Subclass members have suffered damages in excess of $5 million.

## **Prayer for Relief**

**Wherefore,** Plaintiffs, the Class, and/or the Subclass pray as follows:

A.    Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiffs as the Class and/or Subclass representative, and counsel for Plaintiffs as Class and/or Subclass Counsel;

B.    Direct Defendants to make available to Plaintiffs, the Class, and/or the Subclass all of the rights and benefits under the CARES Act and its regulations;

C.      Award damages, including compensatory, exemplary, punitive, and statutory damages, to Plaintiffs, the Class, and/or the Subclass in an amount to be determined at trial, for the acts complained of herein;

D.      Award Plaintiffs, the Class, and/or the Subclass their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

E.      Award Plaintiffs, the Class, and/or the Subclass pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

F.      Grant all other and further relief to which Plaintiffs, the Class, and/or the Subclass are entitled by law or in equity as may be determined by the Court to be just, equitable, and proper.

July 13, 2020                                    Respectfully submitted,

                                                **BECK REDDEN LLP**

                                                **By:**  */s/ Fields Alexander*_____
                                                Fields Alexander
                                                Texas Bar No. 00783528
                                                Federal Bar No. 16427
                                                falexander@beckredden.com
                                                1221 McKinney Street, Suite 4500
                                                Houston, TX 77010
                                                Telephone: (713) 951-3700
                                                Fax: (713) 951-3720
                                                **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

ARNOLD & CLIFFORD LLP
James E. Arnold
Ohio Bar No. 0037712
jarnold@arnlaw.com
Damion M. Clifford
Ohio Bar No. 0077777
dclifford@arnlaw.com
Gerhardt A. Gosnell II
Ohio Bar No. 0064919
ggosnell@arnlaw.com
Tiffany L. Carwile
Ohio Bar No. (0082522)
tcarwile@arnlaw.com
(Motions for Admission Pro Hac Vice Forthcoming)
115 W. Main St., 4th Floor
Columbus, Ohio  43215
Ph:     (614) 460-1600

BECK REDDEN LLP
Patrick Redmon
Texas Bar No. 24110258
Federal Bar No. 3367321
predmon@beckredden.com
1221 McKinney Street, Suite 4500
Telephone: (713) 951-3700
Fax: (713) 951-3720

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

_/s/ Fields Alexander_
Fields Alexander